UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

IN RE: CRUDE OIL COMMODITY FUTURES            :
LITIGATION                                    :
                                              :      MASTER FILE
This Document Relates To:                     :      No. 11 Civ. 3600 (WHP)
All Actions                                   :
                                              :
                                              :
------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION OF PLAINTIFFS DAVID SEIDNER, SMW TRADING CO., ADAM HABER, AND FTC CAPITAL GMBH FOR APPOINTMENT OF INTERIM LEAD COUNSEL AND APPOINTMENT OF AN INTERIM EXECUTIVE COMMITTEE

| **Proposed Lead Counsel** | **Proposed Executive Committee** |
|---|---|
| J. Douglas Richards<br>**COHEN MILSTEIN SELLERS & TOLL PLLC**<br>88 Pine Street, 14th Floor<br>New York, New York 10005 | Bryan Clobes<br>Anthony Fata<br>**CAFFERTY FAUCHER, LLP**<br>1717 Arch St., Suite 3610<br>Philadelphia, PA 19103<br><br>Samuel Abernethy<br>Stephen Houck<br>**MENAKER & HERRMANN LLP**<br>10 East 40th Street<br>New York, NY 10016<br><br>David Kovel<br>**KIRBY McINERNEY LLP**<br>825 Third Avenue, 16th Floor<br>New York, NY 10022 |

August 11, 2011

## **TABLE OF CONTENTS**

Page(s)

INTRODUCTION ........................................................................................................................1

ARGUMENT.................................................................................................................................2

I.  The Complexities of this Case Call For Interim Lead Counsel with Specialized Expertise in Commodity Futures and Commodity Exchange Trading................................3

II. Cohen Milstein and the Proposed Executive Committee Possess Extensive and Diverse Commodity Futures Expertise .........................................................................6

III. The Proposed Leadership's Commodity Futures Experience Will Facilitate Effective Coordination with the Pending CFTC Enforcement Action ...............................9

IV. The Proposed Leadership Has Ample Resources with which to Litigate this Case and is Well Known for Working Cooperatively with Co-Counsel ...........................10

V.  The Proposed Leadership's Clients' Sophisticated Knowledge of Commodity Futures Will Further Aid the Prosecution of this Litigation........................................................11

CONCLUSION............................................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*In re Air Cargo Shipping Servs. Antitrust Litig.*,
   240 F.R.D. 56 (E.D.N.Y. 2006) ............................................................................................. 3

*In re Bear Stearns Companies, Inc.*,
   2009 WL 50132 (S.D.N.Y. Jan. 5, 2009) .......................................................................... 2, 3

*Blessing v. Sirius XM Radio Inc.*,
   2011 WL 1194707 (S.D.N.Y Mar. 29, 2011) ...................................................................... 9

*CFTC v. Parnon Energy Inc, et al.*,
   No. 11-cv-3543 (S.D.N.Y.) (WHP) ................................................................................. 2, 4

*Nowak v. Ford Motor Co.*,
   240 F.R.D. 355 (E.D. Mich. 2006) ...................................................................................... 5

*Pearlman v. Cablevision Sys. Corp.*,
   2011 WL 477815 (E.D.N.Y. February 1, 2011) .................................................................. 2

*State of New York, et al. v. Microsoft Corp.*,
   531 F. Supp. 2d 141 (D.D.C. 2008) C.A. No. 98-1233 (CKK) ........................................... 8

*In re Terazosin Hydrochloride Antitrust Litig.*,
   220 F.R.D. 672 (S.D. Fla. 2004) .......................................................................................... 5

*Thompson v. World Alliance Financial Corp.*,
   2010 WL 3394188 (E.D.N.Y. 2010) .................................................................................... 7

*In re Wachovia Corp. ERISA Litig.*,
   2008 WL 5459852 (S.D.N.Y. Dec. 24, 2008) ...................................................................... 5

**OTHER AUTHORITIES**

Fed. R. Civ. P. 23 .................................................................................................................. *passim*

**INTRODUCTION**

Plaintiffs David Seidner, SMW Trading Co., Adam Haber, and FTC Capital GmbH, through their attorneys, respectfully move to appoint J. Douglas Richards of Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") as Interim Lead Counsel for Plaintiffs, and to appoint an Executive Committee comprised of Bryan Clobes and Anthony Fata of Cafferty Faucher LLP, Samuel Abernethy and Stephen Houck of Menaker & Herrmann LLP, and David Kovel of Kirby McInerney LLP (collectively the "Proposed Leadership").

Plaintiffs allege that Defendants unlawfully manipulated the market for WTI Derivatives—commodity futures, swaps, and options tied to the price of West Texas Intermediate crude oil—in violation of the Commodity Exchange Act and other laws. Plaintiffs seek a class action recovery on behalf of those persons who traded in WTI Derivatives during the relevant period and who were injured by Defendants' conduct. Plaintiffs' claims are highly technical, involving the relationship between a futures delivery market and derivative pricing on an exchange. The claims thus require detailed understanding of commodity futures regulation as well as the mechanics of trading commodity futures on an exchange such as the New York Mercantile Exchange ("NYMEX"). Those requirements would be best served by appointment of the four law firms proposed herein, whose responsible partners include, among others, an award-winning former Deputy General Counsel of the Commodity Futures Trading Commission ("CFTC"), a former Trial Counsel for the CFTC, a former General Counsel of the COMEX who has served as a testimonial expert on commodity trading, and an attorney who traded commodity futures professionally.

When considering a motion for appointment of Interim Class Counsel, courts "must consider . . . counsel's experience in handling . . . *the types of claims asserted in the action.*" Fed. R. Civ. P. 23(g)(1)(A)(ii) (emphasis added). The attorneys in the Proposed Leadership all

have relevant experience in the type of claim asserted here: a commodities claim. J. Douglas Richards, the Cohen Milstein partner primarily charged with litigating this matter, previously served as the Deputy General Counsel of the CFTC, where he attained a comprehensive understanding of the Commodity Exchange Act and commodity futures and was the recipient of a Special Service award for his work for the Commission. Principal attorneys from the firms comprising the Proposed Executive Committee all also possess impressive, extensive commodity futures experience critical to adequately representing Plaintiffs' claims, as detailed below. Where, as here, Plaintiffs' claims involve a highly specialized area of law, it is appropriate to appoint class counsel with knowledge and experience in the specialized field. *See In re Bear Stearns Companies, Inc. Sec., Derivative, and Employee Retirement Income Sec. Act (ERISA) Litig.*, 08 M.D.L. No. 1963 (RWS), 2009 WL 50132, at *11 (S.D.N.Y. Jan. 9, 2009). Additionally, the Proposed Leadership's extensive experience with the CFTC will facilitate effective coordination and cooperation between the Commission and the private litigants in these cases. Such cooperation promotes the efficient litigation of these claims, which will benefit of parties, counsel, and the Court.

## ARGUMENT

The Federal Rules of Civil Procedure permit a district court to appoint interim counsel to act on behalf of the putative class before the Court addresses whether to certify the case as a class action. Fed. R. Civ. P.23(g)(3). Appointment of interim class counsel "clarifies responsibility for the protection of the interests of the putative class[,]" ensuring the case is litigated as efficiently as possible. *Pearlman v. Cablevision Sys. Corp.*, No. 10-cv-4992 (JS), 2011 WL 477815, at *2 (E.D.N.Y. Feb. 1, 2011); Manual for Complex Litigation § 10.22 (4th Ed.). Appointment of interim class counsel in advance of the September 16 pretrial conference in the pending proceeding in *CFTC v. Parnon Energy Inc, et al.*, 11-cv-03543-WHP (S.D.N.Y.

May 24, 2011), will permit class counsel to coordinate with the CFTC and will promote efficient litigation of these closely related matters.

It is "generally accepted that the considerations set out in Rule 23(g)(1)(c), which governs appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification." *In re Bear Stearns Companies, Inc.*, 2009 WL 50132, at *11; *quoting In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006). Factors relevant to appointment of class counsel include: (1) work counsel has performed identifying or investigating potential claims in the action; (2) counsel's experience with claims of the type asserted in the action; (3) counsel's knowledge of applicable law; and (4) resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(C).

In this case, the task of identifying and investigating the potential claims has, up until now, been performed predominantly by the CFTC. Indeed, all of the Plaintiffs' complaints that are currently on file are modeled squarely after the CFTC complaint. Thus, the first factor relevant to the appointment of lead counsel has less pertinence here than in many other cases. The remaining three factors weigh heavily in favor of appointing Cohen Milstein as Interim Lead Counsel, along with an Executive Committee comprised of Menaker & Herrmann LLP, Cafferty Faucher LLP, and Kirby McInerney LLP.

### I. The Complexities of this Case Call For Interim Lead Counsel With Specialized Expertise in Commodity Futures and Commodity Exchange Trading.

Plaintiffs claim Defendants crafted a scheme to unlawfully manipulate trading prices for WTI Derivatives in violation of the Commodity Exchange Act. This alleged scheme involved a manipulation of a futures delivery market for WTI crude oil in Cushing, Oklahoma, and a consequent reaction in the WTI Derivatives market. Plaintiffs allege Defendants' scheme entailed first acquiring a substantial quantity of physical WTI to dominate and control the WTI

crude oil futures delivery market in Cushing, Oklahoma. Simultaneously, Plaintiffs allege, the Defendants acquired a large long position in near-month WTI futures calendar spreads, taking a position known as a bull spread. Next, Plaintiffs contend, Defendants refrained from selling-off their WTI physical position in Cushing in order to inflate the value of WTI futures calendar spreads, permitting them to sell those spreads at artificially high prices. During this tightness in the market, Plaintiffs allege Defendants shorted the near-month calendar spreads in WTI Derivatives, taking a position known as a bear spread. They then shocked the market by dumping their physical WTI stores in Cushing, causing the price of WTI crude to plummet and, consequently, profiting from their bear spread position. This alleged manipulation affected the calendar spreads and may also have affected other aspects of the WTI Derivatives market, such as the overall futures price levels as well as the prices of options of WTI futures and over-the-counter derivatives.

According to Plaintiffs' complaints, Defendants successfully completed two cycles of this complex scheme and attempted a third cycle which they abandoned after the CFTC launched an investigation into their trading activity. After a two-year investigation, the CFTC filed a civil complaint against the Defendants alleging unlawful market manipulation and attempted manipulation of the NYMEX WTI financial contract prices in violation of the Commodity Exchange Act. *CFTC v. Parnon Energy Inc, et al.*, 11-cv-03543-WHP (S.D.N.Y. May 24, 2011). Numerous Plaintiffs subsequently filed suits, all of which are closely modeled after the CFTC's complaint, seeking recovery for those individuals who traded in WTI Derivatives during the relevant period and who were injured by Defendants' conduct.

District Courts have consistently recognized that where a case involves a "highly specialized area of the law," appointment of class counsel with special experience in the

pertinent field of law is especially important. *In re Bear Stearns Companies, Inc.*, 2009 WL 50132, at *12; *see also, In re Wachovia Corp. ERISA Litig.*, No. 08 Civ. 5320, 2008 WL 5459852, at *1 (S.D.N.Y. Dec. 29, 2008) (finding it "compelling" that counsel had ERISA experience in ERISA litigation and rejecting interim lead counsel applicant with extensive experience in an unrelated area of law); *Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 361 (E.D. Mich. 2006) (appointing interim lead counsel with experience in the particular area of law relevant to the case and noting that "[t]he experience and expertise of each individual firm will also significantly aid the proposed class."); *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (counsel's "experience in, and knowledge of, the applicable law in this field" is the "most persuasive" factor when choosing lead counsel). Indeed, courts "*must* consider . . . counsel's experience in handling . . . the types of claims asserted in the action." FED. R. CIV. P. 23(g)(1)(A)(ii) (emphasis added). In this action, successful prosecution of Plaintiffs' claims will require that counsel possess a thorough understanding of the Commodity Exchange Act and commodity futures trading.

Indeed, to best represent the interests of the Class, counsel will need to possess ready familiarity not only with the intricacies of commodities law, but also with the technical concepts associated with calendar spreads and the related spot delivery market. As described, the alleged manipulation of the WTI futures delivery market in Cushing, Oklahoma created artificial scarcity of WTI crude in Cushing which resulted in backwardation or tightness in the futures calendar spreads and may otherwise have affected various WTI Derivatives. Likewise, the unwinding of the manipulation created an artificial surplus of WTI crude in Cushing and created a contango, or a looseness, in the calendar spreads which may also have affected various WTI Derivatives. Given the highly specialized field that lies at the core of Plaintiffs' case, appointment of counsel

with substantial experience in the field of commodity futures trading and regulation is of vital importance.[1]

## II. Cohen Milstein and the Proposed Executive Committee Members Possess Extensive and Diverse Commodity Futures Expertise.

Cohen Milstein and the Proposed Executive Committee possess precisely the type of highly specialized experience needed to best represent the Class in this particular case. *See* Fed. R. Civ. P. 23(g)(ii) and (iii).

**Cohen Milstein:** J. Douglas Richards, the Cohen Milstein partner principally involved in litigating this case, served as Deputy General Counsel of the Commodity Futures Trading Commission from 1997 to 2000. During that time, Mr. Richards had responsibility for all litigation by and against the CFTC, and for two of those years managed the CFTC's adjudicatory functions as well. In 1999, the CFTC awarded Mr. Richards a Special Service Award for performing those two roles simultaneously, and for successfully eliminating a longstanding backlog of CFTC adjudicatory matters. Mr. Richards's experience in the field of commodity futures regulation and litigation is unsurpassed by any other Plaintiffs' counsel in this action. Mr. Richards's litigation experience involving the Commodity Exchange Act is detailed more thoroughly in Exhibit A, attached.

---

[1] Several complaints consolidated in this action also allege ancillary antitrust claims. In addition to their commodities expertise, Cohen Milstein, along with the firms of the Proposed Executive Committee, are widely recognized leaders in the field of antitrust class action litigation, boasting a long track record of successfully serving as lead class counsel in many of the country's largest and most complex antitrust cases. *See* Ex. A, J. Douglas Richards Résumé; *see also* Ex. B, Cafferty Faucher Firm Résumé; Ex. C, S. Abernethy Résumé; Ex. D, S. Houck Résumé; and Ex. E, Kirby McInenery Résumé. For example, Legal 500 chose Cohen Milstein as one of the leading antitrust class action firms in the country in 2010, an honor Cohen Milstein has enjoyed for several years running. *See* Ex. F, Cohen Milstein Résumé. Moreover, the asserted antitrust claims arise out of a scheme rooted in commodity futures trading. To effectively litigate such claims, Class counsel must possess more than antitrust expertise—counsel must possess commodity futures expertise. The Proposed Leadership possesses both.

In addition to his experience litigating commodity futures cases, Mr. Richards's expertise in the antitrust class action field is widely recognized, as evidenced by his multiple appointments as lead counsel, frequent invitations to speak at prominent antitrust events, and numerous publications regarding issues of substantive antitrust law, civil procedure, and class action practice. *See* Ex. A at 3-6. However, the most vital requirement for appointment of class counsel should be whether counsel has "substantial experience representing, prosecuting and settling the *specific type of case* at issue here." *Thompson v. World Alliance Financial Corp.*, No. cv-08-4951 (AKT), 2010 WL 3394188, at *10 (E.D.N.Y. Aug. 20, 2010) (emphasis added). Mr. Richards has an abundance of such experience.

The firms that comprise the Proposed Executive Committee also possess extensive experience that will complement that of Mr. Richards as Interim Lead Counsel.

**Cafferty Faucher:** Bryan Clobes, a partner at Cafferty Faucher, served as Trial Counsel for the Commodity Futures Trading Commission from 1989 through 1992. During his tenure, Mr. Clobes effectively investigated and prosecuted a wide range of violations of the Commodity Exchange Act in many CFTC enforcement proceedings resulting in final injunctive relief and the recovery of hundreds of millions of dollars lost by victimized investors. In so doing, Mr. Clobes worked closely with other federal and state law enforcement and regulatory authorities to investigate and prosecute these claims which often arose out of Ponzi schemes, boiler room activity, and highly technical commodity trading fraud and manipulation. Mr. Clobes's highly developed investigatory skills relating specifically to commodity trading activities will benefit the Proposed Leadership in this case. Mr. Clobes has also served as lead counsel and in other high-level positions in many antitrust and commodities MDL class actions. Likewise, Anthony Fata, a Cafferty Faucher partner who will work alongside Mr. Clobes in this matter, has litigated

several private commodity cases on behalf of defendants and plaintiffs, and will provide valuable assistance to the team. *See also* Ex. B, Cafferty Faucher Résumé.

**Menaker & Herrmann:** Both Samuel Abernethy and Stephen Houck, the principal attorneys charged with litigating this matter from Menaker & Herrmann, bring highly specialized expertise to the Proposed Leadership. As a former Vice President and General Counsel for the COMEX, as well as Senior Vice President and General Counsel for the Coffee Sugar & Cocoa Exchange, Inc., Mr. Abernethy has developed an authoritative understanding of the inner workings of commodity exchanges and the Commodity Exchange Act. *See* Ex. C, S. Abernethy Résumé. Mr. Abernethy's expertise in the field is highlighted by the fact that he has served as a testifying expert regarding commodity futures regulation—a distinction not shared by any other plaintiff's attorney in these cases. Mr. Abernethy's exchange-side expertise will serve as a valuable complement to Mr. Richards's and Mr. Clobes's specialized commodity futures regulation experience.

Stephen D. Houck, of counsel at Menaker & Herrmann, supplements the aforementioned skill set with extraordinary experience litigating complex antitrust and other cases on behalf of state governments. Mr. Houck previously served as chief of the antitrust bureau for the New York State Attorney General's office and later as enforcement counsel to ten states in *State of New York, et al. v. Microsoft Corporation*, No. 98-1233 (CKK) (D.D.C.). *See* Ex. D, S. Houck Résumé. In these roles, Mr. Houck acquired antitrust expertise while also honing his skills facilitating simultaneous litigation on behalf of private plaintiffs and state and federal governments. Given that Plaintiffs' claims will proceed alongside the CFTC's, Mr. Houck's specialized multi-case coordination skills will prove useful.

**Kirby McInerney:** Providing yet another valuable perspective on commodities futures trading, Kirby McInerney partner David Kovel traded commodity futures professionally for several years prior to obtaining his law degree. As a trader, Mr. Kovel developed a unique, practical understanding of the mechanics of commodity futures trading that will substantially assist the Proposed Leadership in understanding the market and identifying relevant facts for the case. Of direct pertinence to the case, Mr. Kovel specialized in trading physical delivery markets and spread trading. Consequently, he has a deep understanding of delivery market dynamics and futures prices. *See also* Ex. E, Kirby McInerney Résumé.

These attorneys are nationally recognized leaders in the fields of commodity futures regulation and, together, their knowledge and experience will ensure the finest available representation to the Class in this case. *See Blessing v. Sirius XM Radio Inc.*, No. 09 CV 10035(HB), 2011 WL 1194707, at *12 (S.D.N.Y. Mar. 29, 2011) (appointing as interim counsel firms with "extensive relevant and complimentary expertise" in the relevant area).

### III. The Proposed Leadership's Commodity Futures Experience Will Facilitate Effective Coordination with the Pending CFTC Enforcement Action.

Plaintiffs' claims against Defendants are moving forward in tandem with the CFTC's pending enforcement action. As these cases proceed through threshold motions and into discovery, it will be vital for Class Counsel to coordinate effectively with the CFTC. Indeed, efficient coordination of motion practice and discovery will avoid unnecessary duplication of efforts, saving significant resources for the Court, the CFTC, and the private parties. Counting among their leadership a former Deputy General Counsel of the CFTC, a successful CFTC trial lawyer, and a former General Counsel of both the COMEX and the Coffee Sugar & Cocoa Exchange, the Proposed Leadership will leverage their extensive prior agency experience into

working with the CFTC to achieve seamless and efficient coordination of all cases before the Court.

### IV. The Proposed Leadership Has Ample Resources with which to Litigate this Case and is Well Known for Working Cooperatively with Co-Counsel.

With more than fifty highly-qualified attorneys working out of five different offices, Cohen Milstein's resources are comparable to or greater than those of any other plaintiffs' firm that is proposed for leadership in this case. *See* www.cohenmilstein.com. The breadth of its resources permits Cohen Milstein to successfully litigate cases through trial and appeal against the large firms that typically represent defendants in these cases. Cohen Milstein's expertise litigating class actions has been widely recognized. In addition to its commodities and antitrust work, Cohen Milstein has a vibrant pro bono practice and in 2011 the National Law Journal recognized Cohen Milstein as one of the few firms deserving of its prestigious pro bono award. *See* Ex. F, Cohen Milstein Résumé. Furthermore, Mr. Richards is prepared to devote ample time to this case, permitting him to play a leading role in the litigation and ensuring that his unique commodity futures regulation expertise will inure to the Class's benefit.

Backing up Cohen Milstein, the firms comprising the Proposed Executive Committee collectively possess more than 100 years' experience litigating class actions with more than fifty skilled attorneys to litigate this action. Together, the Proposed Leadership possesses more than sufficient resources to efficiently and adequately represent the Class.

The longevity and quality of experience represented by the Proposed Leadership brings with it a history of working cooperatively with counsel. Indeed, most of the Proposed Leadership is currently working alongside other firms that have filed complaints in this case in various other class action cases. The Proposed Leadership will continue this history of cooperation in this case.

### V. The Proposed Leadership's Clients' Sophisticated Knowledge of Commodity Futures Will Further Aid the Prosecution of this Litigation.

The Proposed Leadership represents clients in this matter who, themselves, are extremely knowledgeable about commodity futures generally, and WTI Derivatives in particular. The Proposed Leadership's clients are therefore able to provide substantial insight into the affected market.

Plaintiff David Seidner has been trading WTI Derivatives for nearly twenty years and, from 1996 to 2008, was one of the largest crude oil traders on the NYMEX. During the relevant period, Mr. Seidner traded independently but was consistently in the top 5 to 10% of volume for individual traders. Given his knowledge of WTI Derivatives and large investment in these instruments during the relevant period, Mr. Seidner is eager to assist the Proposed Leadership in advancing the Class's claims.

Like Mr. Seidner, Adam Haber is an individual trader with more than 20 years' experience. He has traded many different types of commodities via NYMEX and the New York Board of Trade and during the relevant period was one of the top five independent traders in terms of volumes. He has traded options and has experience using futures as a hedge to create liquidity not just in the front months but throughout the whole spectrum of time for options. He has extensive experience making markets throughout the front and back of the curve. Mr. Haber stands ready to put his vast knowledge of commodity markets to the use of the Proposed Leadership and the Class.

During the relevant period, SMW Trading Co., Inc. was one of the largest proprietary WTI crude oil futures and options trading firms on NYMEX, trading thousands of WTI crude oil futures and options contracts daily. As a high-volume trader, SMW Trading is well-informed

regarding trading of WTI Derivatives and highly motivated to assist the Proposed Leadership in litigating claims related to manipulation of the market for WTI Derivatives.

FTC Capital GmbH is a large hedge fund based in Vienna that specializes in commodities trading. FTC Capital trades in the majority of commodities futures markets in the United States, and possesses a comprehensive understanding of how these markets function. FTC Capital GmbH traded thousands of WTI futures contracts on the NYMEX and stands ready and willing to assist the Proposed Leadership in advancing this case.

The fact that plaintiffs with large WTI trading volumes have chosen to retain firms in the Proposed Leadership underscores the unique suitability of the Proposed Leadership for appointment in this highly specialized case.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Cohen Milstein Sellers & Toll, PLLC be appointed Interim Lead Counsel for Plaintiffs, and that the law firms Menaker Herrman LLP, Cafferty Faucher LLP, and Kirby McInerney LLP also be appointed to serve as members of an Interim Executive Committee to represent the Class.

Dated: New York, New York
August 11, 2011

Respectfully Submitted,

J. Douglas Richards
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street
14th Floor
New York, NY 10005
Telephone:   (212) 838-7797
Facsimile:   (212) 838-7745
E-mail:   drichards@cohenmilstein.com

*Attorneys for Plaintiff David Seidner*

*/s/ Bryan Clobes*
Bryan Clobes
**CAFFERTY FAUCHER, LLP**
1717 Arch St., Suite 3610
Philadelphia, PA 19103

and

Anthony Fata
**CAFFERTY FAUCHER, LLP**
30 North LaSalle Street
Suite 3200
Chicago, IL 60602

*Attorneys for Plaintiff SWM Trading Co.*

*/s/ Samuel Abernethy*
Samuel Abernethy
Stephen Houck
**MENAKER & HERRMANN LLP**
10 East 40th Street
New York, NY 10016

*Attorneys for Plaintiff Adam Haber*

*/s/ David Kovel*
David Kovel
**KIRBY McINERNEY LLP**
825 Third Avenue, 16th Floor
New York, NY 10022

*Attorneys for Plaintiff FTC Capital GmBH*