# LOVELL STEWART HALEBIAN JACOBSON LLP

61 Broadway, Suite 501
New York, New York 10006
www.lshllp.com

| | |
|---|---|
| Telephone<br>212.608.1900 | Facsimile<br>212.719.4775 |

September 27, 2013

**BY ECF (*without enclosures*)**

**BY HAND DELIVERY (*with enclosures*)**

Honorable William H. Pauley III
United States District Court Judge
United States Courthouse
500 Pearl Street, Room 2210
New York, New York 10007-1312

Re:   *In Re: Crude Oil Commodity Futures Litigation*, 11 Civ. 3600 (WHP)

Dear Judge Pauley:

      As an attorney for Plaintiffs, I am writing this letter pursuant to Section V.A. of Your Honor's Individual Practices in order to respectfully request leave (a) to file under seal the enclosed under seal version of Plaintiffs' motion for class certification and papers in support thereof; and (b) to file in the public record the enclosed proposed redacted version of Plaintiffs' class certification papers.

      Specifically, for the reasons set forth below, Plaintiffs believe that the entirety of their memorandum of law in support of their motion for class certification and the expert Declaration of Joseph R. Mason should be filed in the public record and that only the Exhibits (A-G) to the Declaration of Christopher M. McGrath, Esq. be filed under seal.

      Most of the documents and all of the deposition testimony referred to by Plaintiffs and their expert throughout their motion papers have been designated by Defendants as "Confidential" or "Highly Confidential" pursuant to the Stipulated Protective Order entered by Your Honor on April 30, 2012 ("Protective Order").  *See* Docket No. 59.  Defendants' position apparently is that Paragraph E.4 of the Protective Order requires Plaintiffs to file their motion papers under seal and that a redacted copy of the motion papers be filed which redacts all references to the Confidential and Highly Confidential documents and testimony.  *Id*. Defendants' apparent position would result in Plaintiffs filing a significantly redacted memorandum of law and expert declaration in the public record.

      Recently in *In re Platinum and Palladium Commodities Litig.*, 828 F.Supp.2d 602 (S.D.N.Y. 2011) (Pauley, J.) ("*Platinum*"), also a commodity futures manipulation case, Your Honor was confronted with a similar protective order and defendants who had similarly designated large portions of their document production as confidential or highly confidential.  In

The Honorable William H. Pauley III
September 27, 2013
Page 2

*Platinum,* Your Honor ordered that the publicly filed version of the papers therein could reflect redacted references to "only personal employee information and bona fide proprietary trade secrets." *Platinum*, 828 F.Supp.2d at 604. Plaintiffs' limited proposed redactions to their class certification papers here, have been guided by Your Honor's ruling in *Platinum*.

Plaintiffs will continue to promptly meet and confer with Defendants concerning any additional redactions that Defendants believe need to be made to Plaintiffs' class certification papers. Plaintiffs will promptly inform the Court in the event that the Parties are unable to resolve their apparent differences.

Thank you very much.

Respectfully submitted,

*/s/ Christopher Lovell*

Christopher Lovell


cc: Counsel of Record (by ECF)