USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/25/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
    :
U.S. COMMODITY FUTURES
TRADING COMMISSION,     :

    Plaintiff,     :    11 Civ. 3543 (WHP)

    -against-     :    MEMORANDUM & ORDER

PARNON ENERGY INC., ARCADIA   :
PETROLEUM LTD, ARCADIA
ENERGY (SUISSE) SA, NICHOLAS J.   :
WILDGOOSE AND JAMES T. DYER,
    :
    Defendants.
    :
------------------------------X
    :
IN RE: CRUDE OIL COMMODITY     Master File No.
FUTURES LITIGATION     :    11 Civ. 3600 (WHP)

THIS DOCUMENT RELATES TO:   :
ALL MATTERS
    :
------------------------------X

WILLIAM H. PAULEY III, District Judge:

    Non-party objectors Vitol, S.A., Vitol, Inc., Vitol Capital Management, Castleton Commodities International LLC, Plains All American Pipeline LP, Gavilon LLC, Shell Oil Company, ConAgra Foods, Inc., Chevron Products Company, Morgan Stanley Capital Group, and Tradition Financial Services (collectively, the "non-party objectors") seek a protective order prohibiting the production of documents they provided to the Commodity Futures Trading Commission ("CFTC") in connection with its investigation of the crude oil trading market. For the following reasons, the parties to the class action and the CFTC action are directed to submit

-1-

modified protective orders that require any third-party or party-employee witness to a deposition—who is not a producing party, author, sender, addressee or copy recipient of any non-party document designated "highly confidential"—to execute a declaration of compliance with the protective order before viewing any such document. (See Class Action Stipulated Protective Order dated 4/30/12 (the "Class Action Protective Order"), Dock. No. 59, 11 Civ. 3600 (WHP) at 6-7; CFTC Stipulated Protective Order dated 6/25/12 (the "CFTC Protective Order"), Dock. No. 59, 11 Civ. 3543 (WHP) at 6-7.) With this modification, the protective orders are sufficient to protect the non-party objectors' interests and there is no good cause for any further relief.[1]

## DISCUSSION

I. Background

On May 24, 2011, the CFTC filed suit against Parnon Energy, Inc., Arcadia Petroleum, Ltd., Arcadia Energy (Suisse), SA, Nicholas J. Wildgoose, and James T. Dyer ("Parnon"), alleging that from late 2007-April 2008 Defendants executed a scheme to manipulate the price of crude oil futures in violation of the Commodity Exchange Act. In connection with that enforcement action, the CFTC produced to Parnon certain documents it received from non-party participants in the physical and futures markets for West Texas Intermediate ("WTI") crude oil. The CFTC gave the non-party documents temporary "highly confidential" designations pursuant to the CFTC Protective Order, with the intention of seeking the non-party objectors' input on permanent designations at a later time. (CFTC Resp. to Objections by Third

---

[1] Should any witness decline to execute a declaration of compliance before deposition, any party may make an appropriate application to this Court.

Parties dated 6/28/13 at 7.) Accordingly, Parnon's review of those documents was limited to the parties' attorneys, experts, witnesses, and the authors or recipients of a document, as well as one Parnon employee. (CFTC Protective Order at 6-7.) While the designated Parnon employee and the parties' experts "shall execute" a declaration of compliance before reviewing highly confidential information, the parties must only use their "reasonable best efforts" to cause a witness examined by deposition to execute the declaration of compliance. (CFTC Protective Order at 6-7.) On May 26, 2011, Plaintiffs filed this putative class action against Parnon. The Class Action Protective Order provides for the same review of highly confidential documents (including one employee of the Plaintiffs). Plaintiffs now seek the documents Parnon received from the CFTC as discovery in the class action. Specifically, Plaintiffs seek:

> 126. All documents or communications concerning the United States domestic crude oil industry, trading of physical crude oil and/or trading of NYMEX WTI calendar spreads with any of the following entities, their affiliates and/or agents thereof during the relevant period [Jan. 1, 2008-May 15, 2008] [including Chevron Products Company, ConAgra Trade Group, Inc./Gavilon, Morgan Stanley Capital Group. Inc. - New York, Plains All American Pipeline LP, Shell Trading (US) Company, TFS Brokers, and Vitol SA Geneva.]
>
> [and]
>
> 135. All document requests, interrogatories, subpoenas and any other discovery issued by or to the Defendants in [CFTC v. Parnon, No. 11 Civ. 3543 (WHP) (S.D.N.Y.)] and all responses, objections and any documents or other information produced in response thereto. For the avoidance of doubt, this request includes, but is not limited to, all document[] production[s] by the CFTC to the Defendants in [CFTC v. Parnon, No. 11 Civ. 3543 (WHP) (S.D.N.Y.)].

(Pls.' Doc. Request Nos. 126 and 135, dated April 16, 2013.)

Non-party objectors who produced documents to the CFTC—that are now in Parnon's hands and thus responsive to Request Nos. 126 and 135—object to disclosure of

sensitive trading information to Plaintiffs. They claim that the stipulated protective orders in the class action and the CFTC action are inadequate to protect their interests, because the document requests seek competitive, proprietary information, much of which is irrelevant to the allegations in the class complaint. Further, witnesses need not execute a declaration of compliance before viewing this information. Some of the non-party objectors also complain that the CFTC did not notify them or permit them to make confidentiality designations in accord with the CFTC Protective Order before their documents were produced to Parnon. They suggest that allowing their voluntary production to the CFTC to be further disseminated to their competitors in the class action inhibits fulsome cooperation with government investigations.

II. Legal Standard

Rule 26(c) authorizes a federal court, for good cause, to issue "an order to protect a party or person [from whom discovery is sought] from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). District Courts have wide discretion under Rule 26(c) to "decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984); Dove v. Atl. Capital Corp., 963 F.2d 15, 20 (2d Cir. 1992). The party seeking a protective order has the burden of showing that good cause exists for issuance of that order. Gambale v. Deutsche Bank AG, 377 F.3d 133, 142 (2d Cir. 2004) (quoting In re Agent Orange Prod. Liab. Litig., 821 F.2d 139, 145-46 (2d Cir. 1997), superseded by statute on other grounds as stated in In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig., 255 F.R.D. 308, 319 n.4 (2d Cir. 2009)). "Ordinarily, good cause exists when a party shows that disclosure will result in a clearly defined, specific and serious injury." In re Terrorist Attacks on Sept. 11, 2001, 454 F. Supp. 2d 220, 222 (S.D.N.Y.

2006) (internal quotations omitted). This standard applies when parties seek to maintain "the confidential treatment of business information on the ground that it is commercially sensitive and would cause harm if known by a competitor." Koch v. Greenberg, No. 07 Civ. 9600 (BSJ) (DF), 2012 WL 1449186, at *2 (S.D.N.Y. Apr. 13, 2012) (citing In re Parmalat Sec. Litig., 258 F.R.D. 236, 244 (S.D.N.Y. 2009)).

III. The Non-Party Objections

The non-party objectors articulate similar concerns. First, each non-party argues that it produced proprietary information to the CFTC that would cause competitive harm if seen by Plaintiffs or made public. The proprietary information includes, inter alia, documents revealing customer contracts, pricing, trading strategies, profit and loss data, and oil supply inventories. While most of the documents pre-date 2009, the objectors claim their release would still be harmful because it could help competitors evaluate their current practices. See Grand River Enters. Six Nations, Ltd. v. King, No. 02 Civ. 5068 (JFK), 2009 WL 222160, at *2 (S.D.N.Y. Jan. 30, 2009) (finding protective order for non-party's "stale" business information was still warranted because "[a] competitor such as Plaintiff (or its consultants) could use [the information] as a guide to replicate [the non-party's] methods of analysis and predict [the non-party's] next strategic moves").

Of course, Parnon itself competes with many of the non-party objectors and already possesses the documents at issue. And despite the protective orders in place, the non-party objectors contend that review by even one of the Plaintiffs could cause them competitive harm. They argue that Plaintiffs' counsel will require interpretation of the documents from their clients and that such information will always remain in the back of their minds. (Hr'g Tr., dated

7/1/13 at 19.) The non-party objectors also contend that their productions to the CFTC went beyond the scope of the class complaint. Many non-parties produced documents dated outside the class period of December 1, 2007-May 31, 2008. Some non-parties also produced information regarding grades of crude oil other than WTI. Other objectors claim their documents are irrelevant because neither the CFTC nor the Plaintiffs have made allegations against their trading practices during the relevant time period.

While this Court is sensitive to the fact that even "stale" business information can be valuable in the hands of competitors, the non-party objectors fail to articulate a "defined, specific and serious injury" that warrants excluding their business information from limited review as contemplated by the protective orders, strictly for litigation purposes. See In re Terrorist Attacks on Sept. 11, 2001, 454 F. Supp. 2d at 222. Instead, the non-parties speculate as to the parties' impermissible use of their information for competitive purposes, despite the fact that such use would be a clear violation of the protective orders currently in place. A modification requiring witnesses to execute a declaration of compliance before being shown highly confidential non-party information will further ensure that sensitive information is not used for improper purposes.

Further, the WTI market's alleged switch between contango and backwardation is central to Plaintiffs' manipulation and monopolization claims. Far from being irrelevant, documents indicating the perceptions and reactions of "innocent" non-party traders are highly probative of whether this phenomenon occurred and how it impacted the market. Information about the non-parties' activities before and after the alleged manipulation is also relevant to provide a benchmark for activity in a non-manipulated market. See, e.g., In re Amaranth Natural

Gas Commodities Litig., 269 F.R.D. 366, 383-84 (S.D.N.Y. 2010). The information is also pertinent to Parnon's statute of limitations defense, which is certain to be heavily litigated. Plaintiffs would be substantially prejudiced if they were excluded from viewing the same documents Parnon will use to mount this defense. And because Plaintiffs assert a monopolization claim, the substitutability of other grades of crude oil for WTI is also central to this case. The protective orders limiting highly confidential documents to the parties' attorneys, experts, witnesses, authors and recipients of a document and one employee of each party strikes a balance between protecting the non-party objectors' competitive information while allowing for the robust and fair litigation of Plaintiffs' claims.

Finally, this Court addresses the policy concerns raised by the non-party objectors with respect to the CFTC's successive production of documents, without prior notification or an opportunity to challenge those productions. The non-party objectors make much of the fact that many of them filed for FOIA-exempt status before handing over documents to the CFTC. See generally 5 U.S.C. § 522. Under 17 C.F.R. § 145.9, parties furnishing information to the CFTC may request that the information not be disclosed in response to a FOIA request. But this regulation does not govern the CFTC's disclosure obligations in litigation. Friedman v. Bache Halsey Stuart Shields, Inc., 738 F.2d 1336, 1344 (D.C. Cir. 1984) (FOIA "offer[s] refuge from publication but not from court-supervised discovery."); see also AVCO Fin. Corp. v. Commodity Futures Trading Comm'n, 929 F. Supp. 714, 719 (S.D.N.Y. 1996) (the confidentiality provisions of the Commodity Exchange Act "do not guarantee absolute confidentiality."). In fact, the CFTC's subpoenas and information requests to the non-party objectors specifically noted that any documents produced to the agency could be used for "routine uses" such as "[p]roviding

information in response to a subpoena issued in a proceeding to which the Commission is not a party" and use "in any other action or proceeding in which the Commission or any member of the Commission or its staff participates as a party." See CFTC General Statement of Routine Uses, Privacy Act Issuances, 1991 Comp., Vol. IV. at 144-145. Because it was foreseeable to the non-party objectors that their documents might be produced in subsequent litigation, their policy concerns are overblown. This is no basis to deny Plaintiffs the use of relevant documents pursuant to the terms of the protective orders.

## CONCLUSION

For the foregoing reasons, the non-party objections and motions for protective orders are granted in part and denied in part. The parties to the class action and the CFTC action are directed to submit a modified protective order that requires any witness to a deposition who is not a "producing party, author, sender, addressee or copy recipient" of any non-party document designated "highly confidential" to execute a declaration of compliance with the protective order before viewing any such document. Subject to entry of the modified protective orders, Parnon is directed to comply with Plaintiffs' document requests. Parnon may also review any non-party documents it has received from the CFTC, notwithstanding any non-party objections to the contrary. This Court encourages all parties to make good faith efforts to modify any excessive and unwarranted "highly confidential" designations in order to afford the fullest possible access. The Clerk of Court is directed to terminate the motion pending at Docket No. 117 in Case No. 11 Civ. 3600 (WHP).

Dated: October 25, 2013
    New York, New York

                                  SO ORDERED:

                                  WILLIAM H. PAULEY III
                                        U.S.D.J.

*All Counsel of Record.*