USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/8/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
U.S. COMMODITY FUTURES
TRADING COMMISSION,

    Plaintiff,      11 Civ. 3543 (WHP)

  -against-      MEMORANDUM & ORDER

PARNON ENERGY INC., ARCADIA
PETROLEUM LTD, ARCADIA
ENERGY (SUISSE) SA, NICHOLAS J.
WILDGOOSE AND JAMES T. DYER,

    Defendants.
------------------------------X
IN RE: CRUDE OIL COMMODITY   Master File No.
FUTURES LITIGATION      11 Civ. 3600 (WHP)

THIS DOCUMENT RELATES TO:
ALL MATTERS
------------------------------X

WILLIAM H. PAULEY III, District Judge:

  On October 25, 2013 this Court issued an Order (the "October Order") denying in part the motions of non-party objectors Vitol, S.A., Vitol, Inc., Vitol Capital Management, Castleton Commodities International LLC, and Plains All American Pipeline LP for protective orders in connection with discovery in this putative class action, 11 Civ. 3600 (WHP) and the related Commodity Futures Trading Commission ("CFTC") enforcement action, 11 Civ. 3543 (WHP). The non-party objectors now seek a stay of the October Order pending their

interlocutory appeal. For the following reasons, the non-party objectors' request for a stay is denied.

## DISCUSSION

I. Background

On May 24, 2011, the CFTC filed suit against Parnon Energy, Inc., Arcadia Petroleum, Ltd., Arcadia Energy (Suisse), SA, Nicholas J. Wildgoose, and James T. Dyer (collectively, "Parnon"), alleging that from late 2007-April 2008 Defendants executed a scheme to manipulate the price of crude oil futures in violation of the Commodity Exchange Act (the "CFTC Action"). On May 26, 2011, the private plaintiffs filed a related putative class action against Parnon. Other actions ensued. In connection with the enforcement action, the CFTC produced to Parnon certain documents it received from non-party participants in the physical and futures markets for West Texas Intermediate ("WTI") crude oil.

The non-party objectors sought a protective order prohibiting Parnon from producing the CFTC documents to the private plaintiffs. They argued that good cause for a protective order existed because the private plaintiffs are their competitors and the documents contain proprietary information, some of which is irrelevant to the class action. They also argued that the CFTC was not permitted to produce the non-party documents to Parnon in the first place, and that dissemination to other competitors would cause further injury. This Court concluded that modified protective orders would safeguard the non-party objectors' information while allowing for fair and robust discovery regarding private plaintiffs' claims. Under the modified protective orders, non-party documents designated "highly confidential" would be subject to review only by the parties' attorneys, experts, deposition witnesses, and the authors or

recipients of a document, as well as one employee of Parnon and one employee of the private plaintiffs collectively. (See, e.g., Proposed Modified Stipulated Protective Order dated Oct. 29, 2013, ("Modified Protective Order"), Docket No. 165, 11 Civ. 3600 (WHP) at 6-7.)

The modified protective orders prohibit the use of information for any purpose other than prosecuting or defending the class action or the CFTC action, including for any business purposes. (Modified Protective Order at 2-3.) Everyone reviewing "highly confidential" information is required to abide by the modified protective orders, either as a signatory or through execution of an acknowledgement of compliance, except for authors, senders, addressees or copy recipients of documents, who have presumably already seen them. (Modified Protective Order at 7-8.) A disclosing party must use "reasonable best efforts" to cause authors, senders, addressees or copy recipients of documents to sign the acknowledgment of compliance. (Modified Protective Order at 7.) The non-party objectors appealed the October Order and now seek to stay its enforcement.

II. Non-Party Objectors' Motion for a Stay Pending Appeal

In determining whether to stay an order pending interlocutory appeal, courts consider "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a 'substantial possibility, although less than a likelihood, of success' on appeal, and (4) the public interests that may be affected." First City, Texas-Houston, N.A. v. Rafidain Bank, 131 F. Supp. 2d 540, 543 (S.D.N.Y. 2001) (quoting LaRouche v. Kezer, 20 F.3d 68, 72 (2d Cir.1994)). "[S]tays pending appeal are the exception, not the rule." In re Norwich Historic Preservation Trust, LLC, No. 3:05CV12(MRK), 2005 WL 977067, at *4 (D. Conn. Apr. 21, 2005).

A stay is inappropriate here because the non-party objectors fail to demonstrate irreparable harm. This Court's October Order noted that the non-party objectors had offered only speculative competitive harm as opposed to the "defined, specific and serious injury" warranting the exclusion of their stale business information from even limited review under the modified protective orders. See, e.g., In re Terrorist Attacks on Sept. 11, 2001, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006). Importantly, the non-party objectors' alleged irreparable harm rests on the faulty premise that competitive injury would flow from the very act of producing the non-party documents to private plaintiffs. But the modified protective orders prohibit the use of those documents for any purpose other than prosecuting and defending these actions. Thus, competitive injury could only result from a party's breach of its obligations under the modified protective orders. The non-party objectors make no showing that such a violation is likely to occur.

Non-party objectors also argue that they would suffer irreparable harm because the denial of a stay risks mooting any appeal of significant claims of error. Limited disclosure pursuant to a protective order that prohibits use of the information for business purposes does not raise a significant claim of error. And a "majority of courts have held that a risk of mootness, standing alone, does not constitute irreparable harm." In re Adelphia Commc'ns Corp., 361 B.R. 337, 347 (S.D.N.Y. 2007). Nor is this Court persuaded that the non-party objectors have articulated a substantial possibility of success on the merits given the limited review their documents are subject to under the modified protective orders.

Moreover, there is no public interest warranting a stay. The non-party objectors argue that dissemination of their documents to private plaintiffs would severely inhibit future

cooperation with government investigations. But as discussed in the October Order, the production of the non-party objectors' documents in subsequent litigation was foreseeable, and the modified protective orders offer sufficient protection. See, e.g., CFTC General Statement of Routine Uses, Privacy Act Issuances, 1991 Comp., Vol. IV. at 144-145. The public interest weighs in favor of moving forward expeditiously with these actions, which allege serious manipulations of the WTI crude oil physical and futures markets. See Daniels v. City of N.Y., 138 F. Supp. 2d 562, 565 (S.D.N.Y. 2001) ("expeditious resolution" of matters of public concern is in the public's best interest).

## CONCLUSION

For the foregoing reasons, the non-party objectors' motion for a stay pending interlocutory appeal is denied.

Dated: November 8, 2013
New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*All Counsel of Record.*