```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 0 8 2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*In Re: Crude Oil Commodity Futures Litigation*

MASTER FILE

No. 11-cv-3600 (KBF)

### ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT, SCHEDULING HEARING FOR FINAL APPROVAL THEREOF, AND APPROVING THE PROPOSED FORM AND PROGRAM OF NOTICE TO THE SETTLEMENT CLASS

WHEREAS, the Parties[1] to the above captioned consolidated putative class action have executed a Settlement Agreement dated June 3, 2015;

WHEREAS, on June 3, 2015, the Parties made a motion seeking entry of this Scheduling Order, which, among other things, preliminarily approves the proposed Settlement, schedules a final approval hearing and approves the proposed form and program of notice to the Settlement Class; and

WHEREAS, the Court has reviewed and considered the Settlement Agreement and accompanying documents in support of the Parties' request for entry of this Scheduling Order and otherwise being fully informed;

**IT IS HEREBY ORDERED** that:

1. For purposes of settlement only, the Settlement Class shall be preliminarily certified and maintained as a class action, pursuant to Rule 23 of the Federal Rule of Civil

---

[1] Except for the terms defined herein, the Court adopts and incorporates the definitions in the Settlement Agreement for the purposes of this Scheduling Order.

Procedure. The Court finds that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied. The Settlement Class is defined as:

> All persons or entities that purchased, sold, or otherwise traded, during the period from January 1, 2008 through May 15, 2008 ("Class Period") a light sweet crude oil (WTI) futures contract or an option on such light sweet crude oil (WTI) futures contract traded on the New York Mercantile Exchange ("NYMEX")(Contract Codes CL, LC or LO only) and/or the Intercontinental Exchange ("ICE")(Contract Code T only). Excluded from the Settlement Class are (i) Defendants and any parent, subsidiary, affiliate, or agent of any Defendant; and (ii) Opt Outs.

2. The Court hereby appoints Lovell Stewart Halebian Jacobson LLP and Burns Charest LLP as Lead Counsel for the Class, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

3. Plaintiffs John Losordo, Todd Kramer, FTC Capital GmbH and Adams Affiliates, Inc. are hereby appointed as representatives to the Settlement Class.

4. A hearing will be held on __10/9__, 2015 at __11__ (a.m.)[p.m.] **[approximately 120 days after entry of this Order]** in Courtroom 15A of this Courthouse before the undersigned, to consider the fairness, reasonableness, and adequacy of the Settlement Agreement (the "Fairness Hearing"). The foregoing date, time, and place of the Fairness Hearing shall be set forth in the notice and publication notice which is ordered herein, but shall be subject to adjournment or change by the Court without further notice to the members of the Settlement Class other than that which may be posted at the Court and on the Court's website or the Settlement website.

5. The Court reserves the right to approve the Settlement at or after the Fairness Hearing with such modifications as may be consented to by the Parties and without further notice to the Settlement Class.

6. As soon as practicable after the date of the entry of this Scheduling Order, the Settlement Administrator shall cause copies of the Settlement Class Notice, substantially in the form attached as Exhibit E to the Settlement Agreement, to begin to be mailed by United States first class mail, postage prepaid, to (a) all large traders in NYMEX and/or ICE WTI crude oil futures contracts and/or options contracts during the Class Period whose names have been obtained by Plaintiffs pursuant to subpoenas to the NYMEX and ICE; (b) all NYMEX and/or ICE clearing firms who cleared any trades in NYMEX and/or ICE WTI crude oil futures contracts and/or options contracts during the Class Period whose names have been obtained by Plaintiffs pursuant to subpoenas to the NYMEX and ICE (with the direction that such clearing firms should forward the Settlement Class Notice to persons who transacted in NYMEX and/or ICE WTI crude oil futures contracts and/or options during the Class Period); and (c) any additional reasonably identifiable members of the Settlement Class. The foregoing mailings shall be completed no later than forty-five days after the date of entry of this Scheduling Order.

7. As soon as practicable after the mailing of the Settlement Class Notice commences, the Settlement Administrator shall cause to be published a publication notice substantially in the form of ExhibitF to the Settlement Agreement as follows: (a) for two consecutive months in Futures Magazine; (b) on the Futures Magazine website for one month; (c) for two consecutive months in Stock and Commodities Magazine; (d) on the Stock and Commodities Magazine website for one month; and (e) in one edition of The Wall Street Journal.

8. The Settlement Administrator shall also cause the Settlement Class Notice to be published on a website established for this Settlement, www._____.com, within 10 days after the entry of this Scheduling Order. Both the Settlement Class Notice and the summary notice will direct members of the Settlement Class to the Settlement website where they can

access the Settlement Agreement, this Scheduling Order, the motion for preliminary approval, answers to anticipated questions about class action settlements or the Proof of Claim, and other information. The Settlement website will be searchable on the internet.

9. The Court approves, in form and substance, the Settlement Class Notice. The form and method of notice specified herein is the best notice practicable and shall constitute due and sufficient notice of the Fairness Hearing to all persons entitled to receive such notice, and fully satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and applicable law.

10. The terms of the Settlement Agreement are hereby preliminarily approved. The Court finds that the Settlement Agreement was entered into at arm's-length by experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given as provided in this Scheduling Order. The terms of the Plan of Allocation are preliminarily approved as within the range of reasonableness.

11. All proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of this Court.

12. Lead Counsel shall file their motions for payment of attorneys' fees and reimbursement of expenses and for final approval of the Settlement at least 30 days prior to the Fairness Hearing.

13. Any Member of the Settlement Class or any intervening governmental entity that objects to the fairness, reasonableness, or adequacy of any term or aspect of this Settlement Agreement, the application for attorneys' fees and expenses, or the Final Order and Judgment, or who otherwise wishes to be heard in the Action, may appear in person or by his or her attorney at

the Fairness Hearing and present evidence or argument that may be proper and relevant. However, except for good cause shown, no person other than Lead Counsel and counsel for the Defendants shall be heard and no papers, briefs, pleadings, or other documents submitted by any Member of the Settlement Class shall be considered by the Court unless, not later than twenty one (21) days prior to the Fairness Hearing, the Settlement Class Member or the intervening governmental entity files with the Court (and serves the same on or before the date of such filing by hand or overnight mail on Lead Counsel and counsel for Defendants) a statement of the objection, as well as the specific legal and factual reasons for each objection, including all support that the objecting Settlement Class Member or the governmental entity wishes to bring to the Court's attention, and all evidence the objecting Settlement Class Member or governmental entity wishes to introduce in support of his, her, or its objection or motion. Such submission must contain:

   a. a heading that refers to the Action by case name and Case Number;
   b. a statement of the specific legal and factual basis for each objection argument;
   c. a statement of whether the objecting person or entity intends to appear at the Fairness Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, address, and telephone number;
   d. a description of any and all evidence the objecting person or entity may offer at the Fairness Hearing, including but not limited to the names, addresses, and expected testimony of any witnesses; all exhibits intended to be introduced at the Fairness Hearing; and documentary proof of the

    objecting person's membership in the Settlement Class; and

   e. a list of other cases in which the objector or intervening governmental entitiy or counsel for the objector or intervening governmental entity has appeared either as an objector or counsel for an objector in the last five years.

  14. Any objection to this Settlement Agreement submitted by a Settlement Class Member pursuant to Paragraph 13 of this Order must be signed by the Settlement Class Member (or his, her or its legally authorized representative), even if the Settlement Class Member is represented by counsel.  The right to object to the proposed Settlement must be exercised individually by a Settlement Class Member or intervening governmental entity or the Person's attorney, and not as a member of a group, class, or subclass, except that such objections may be submitted by a Settlement Class Member's legally authorized representative.

  15. Any motion to intervene must comply with the Federal Rules of Civil Procedure and the Local Rules of the Court.

  16. All objectors shall make themselves available to be deposed by any Party in the county of the objector's residence within seven (7) days of service of the objector's timely written objection.

  17. Any Member of the Settlement Class or intervening governmental entity that fails to object in the manner described in Paragraph 13 of this Order shall be deemed to have waived the right to object (including any right of appeal) and shall be forever barred from raising such objection in this or any other action or proceeding related to or arising out of the Settlement. Discovery concerning any purported objections to the Settlement shall be completed no later than three (3) days before the Fairness Hearing.

18. Lead Counsel, counsel for the Defendants, and any other Persons wishing to oppose timely-filed objections in writing may do so not later than three (3) days before the Fairness Hearing.

19. Any request for exclusion from the Settlement by a member of the Class must be made in writing and received by the Settlement Administrator no later than thirty-five days before the Fairness Hearing (the "Exclusion Bar Date"). Any such request for exclusion must comply in all material respects with Exhibit __ to the Settlement Agreement. Such Request for Exclusion must be mailed to the Settlement Administrator and postmarked by the Exclusion Bar Date. Requests for Exclusion must be exercised individually by the Settlement Settlement Class Member, not as or on behalf of a group, class, or subclass, except that such Requests for Exclusion may be submitted by a Settlement Class Member's legally authorized representative.

    a. If a Settlement Class Member submits a Request for Exclusion that fails to provide the information called for in Exhibit __, Defendants shall be entitled to subpoena documents from that Settlement Class Member that are sufficient to show any such missing information, and Plaintiffs and Lead Counsel shall not oppose an extension of the deadline for the Fairness Hearing. Upon a showing of good cause, the Court will consider any request by Defendants to extend deadlines in this scheduling order to permit such discovery, including the date of the Fairness Hearing..

    b. If the Court permits one or more Settlement Class Members to submit a Request for Exclusion after the Exclusion Bar Date, and if any such Request for Exclusion fails to provide the information called for in Exhibit __, Defendants shall be entitled to subpoena documents from that

    Settlement Class Member that are sufficient to show any such missing information, and Plaintiffs and Lead Counsel shall not oppose an extension of the deadline for Defendants to exercise any right of termination that may arise under the Supplemental Agreement.

  c. If Defendants elect to issue subpoenas under Sub-Paragraphs 16(a) or (b) of this Order, they shall inform the Court and Plaintiffs within two (2) business days after learning that all available subpoenaed information has been received.

20. The Settlement Administrator shall promptly log each Request for Exclusion that it receives and provide copies of the log to Lead Counsel and counsel for Defendants as requested.

21. The Settlement Administrator shall provide Lead counsel and counsel for Defendants with copies of any Requests for Exclusion (including all documents submitted with such requests) and any written revocations of Requests for Exclusion as soon as possible after receipt by the Settlement Administrator and, in any event, within one business day after receipt by the Settlement Administrator and, in no event, later than twenty-eight (28) days before the Fairness Hearing (as defined in the Scheduling Order).

22. The Settlement Administrator shall prepare a list of all Persons, if any, who submit a timely Request for Exclusion from the Settlement Class (the "Opt Out List") and an affidavit attaching such list and attesting to its accuracy no later than twenty-eight (28) days before the Fairness Hearing. The Settlement Administrator shall provide Lead Counsel and counsel for Defendants with the Opt Out List and an affidavit attesting to the accuracy of such list, and Lead Counsel shall file same with the Court.

23. The Settlement Administrator, in its sole discretion, shall determine in the first instance whether a Request for Exclusion has been timely filed, subject to verification and final determination by the Court.

24. Any Person who has submitted a timely Request for Exclusion may revoke such request by filing written notice of such revocation with the Court at any time prior to the entry of the Final Order and Judgment.

25. At least seven days prior to the Fairness Hearing, the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the notice provisions in Sections 6, 7 and 8 of this Scheduling Order. Thirty-seven days before the Fairness Hearing, Lead Counsel shall provide the Court with a status report as to the progress of executing the proposed program of notice.

26. All Proofs of Claim shall be submitted by Settlement Class members as directed in the Settlement Class Notice and must be received by the Settlement Administrator no later than seventy-five days after the Fairness Hearing.

27. To effectuate the Settlement Agreement and the notice provisions, the Court hereby approves A.B. Data, Ltd. as Settlement Administrator to be responsible for: (a) establishing a P.O. Box, information telephone line and website (to be included in the Settlement Class Notice and publication notice) for the purpose of communicating with members of the Settlement Class; (b) disseminating notice of the Settlement to the members of the Settlement Class; (c) accepting and maintaining documents sent from Settlement Class members including Proofs of Claim, and other documents relating to claims administration; (d) administering claims for allocation of funds among members of the Settlement Class; and (e) acting as Escrow Agent pursuant to the terms of the Escrow Agreement.

28. The Settlement Agreement, including but not limited to its exhibits, whether or not it shall become final, and any and all negotiations, documents and discussions associated with it, (a) is not and shall not be deemed or construed to be an admission, adjudication or evidence of any violation of any statute or law or of any liability or wrongdoing by the Defendants or any Released Party, or of the truth of any of the claims or allegations alleged in the Action or the incurrence of any damage, loss or injury by any Person; (b) shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendants or any Released Party, or of the truth of any of the claims or allegations, or the incurrence of any damage, loss or injury by any Person, or of any lack of merit of any of the claims asserted in the Action, and (c) shall not be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, whether by the Settlement Class or Opt Outs, except if warranted by existing law in connection with a dispute under this Settlement Agreement or an action in which this Settlement Agreement is asserted as a defense.

29. If the Settlement is approved by the Court following the Fairness Hearing, a Final Judgment will be entered as described in the Settlement Agreement.

30. If the Settlement, including any amendment made in accordance with the Settlement Agreement, is not approved by the Court or shall not become effective for any reason, the Settlement (including any modification thereof made with the consent of the Parties as provided for in the Settlement Agreement), and preliminary certifications herein and any actions taken or to be taken in connection therewith (including any papers filed in connection with the Settlement Agreement, this Scheduling Order, and any judgment entered herein) shall be terminated and shall become void and of no further force and effect, and shall not be deemed an

admission or concession, or received as evidence in this or any other action or proceeding, except as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of the Parties.

31. The Court may, for good cause, extend any of the deadlines set forth in this Order without notice to members of the Settlement Class other than that which may be posted at the Court and on the Court's website or the Settlement website.

32. In the event that the Settlement Agreement is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of the Parties.

33. If the Settlement Agreement is terminated or is ultimately not approved, the Court will modify any existing scheduling order to ensure that the Parties will have sufficient time to prepare for the resumption of litigation.

34. If any deadline imposed herein falls on a non-business day, then the deadline is extended until the next business day.

**IT IS SO ORDERED.**

Signed this 8th day of June, 2015, at the Courthouse for the United States District Court for the Southern District of New York.

                                                                                                          The Honorable Katherine B. Forrest
                                                                                                          United States District Court Judge