UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In Re: Crude Oil Commodity Futures Litigation* | MASTER FILE<br>No. 11-cv-3600 (KBF) |

**PLAINTIFFS' STATUS REPORT AS TO THE PROGRESS
OF EXECUTING THE PROGRAM OF NOTICE TO THE SETTLEMENT CLASS**

Lovell Stewart Halebian Jacobson LLP ("Lovell Stewart") and Burns Charest LLP (collectively "Lead Counsel") respectfully submit this status report concerning the progress of executing the program of notice to the Settlement Class of Plaintiffs'[1] proposed settlement with Defendants[2] ("Settlement") pursuant to paragraph 25 of the Court's June 8, 2015 Order Preliminarily Approving Proposed Settlement, Scheduling Hearing for Final Approval Thereof, and Approving the Proposed Form and Program of Notice to The Class ("Preliminary Approval Order"). *See* Dkt. No. 290, ¶25.

As set forth below, the Court-approved program of notice has been carried out in accordance with this Court's instructions in the Preliminary Approval Order. *Compare* "II" below *with* "III" below.

## I. BACKGROUND

On June 8, 2015, the Court preliminarily approved the proposed Settlement and entered the Preliminary Approval Order. Dkt. No. 290. Among other things, the Preliminary Approval Order scheduled a "fairness hearing," set certain deadlines relating to final approval of the proposed Settlement, approved the multi-pronged program of notice (*see* "II" below) and appointed A.B. Data, Ltd. to act as Settlement Administrator and execute the program of notice. *Id*.

The Preliminary Approval Order also directed Lead Counsel to provide the Court with a status report as to the progress of executing the program of notice thirty-seven days before the October 9, 2015 fairness hearing. *Id*., ¶25.

## II. THE COURT-APPROVED PROGRAM OF NOTICE

On June 8, 2015, the Court approved the following multi-pronged program of notice:

---

[1] "Plaintiffs" refers to John Losordo, Todd Kramer, FTC Capital GmbH and Adams Affiliates.
[2] "Defendants" refers to Parnon Energy Inc., Arcadia Petroleum Ltd., Arcadia Energy (Suisse) SA, James T. Dyer, and Nicholas J. Wildgoose.

1

(1) mail notice to all "large traders[3]" in New York Mercantile Exchange ("NYMEX") and/or IntercontinentalExchange ("ICE") WTI crude oil futures contracts and/or options contracts during the Class Period whose names have been obtained by Plaintiffs pursuant to subpoenas to the NYMEX and ICE [Dkt. No. 290, ¶6];

(2) mail notice to all NYMEX and/or ICE "clearing firms[4]" who cleared any trades in NYMEX and/or ICE WTI crude oil futures contracts and/or options contracts during the Class Period whose names have been obtained by Plaintiffs pursuant to subpoenas to the NYMEX and ICE (with the direction that such clearing firms should forward the Settlement Class Notice to persons who transacted in NYMEX and/or ICE WTI crude oil futures contracts and/or options during the Class Period) [*Id.*];

(3) publication notice: (a) for two consecutive months in Futures Magazine; (b) on the Futures Magazine website for one month; (c) for two consecutive months in Stock and Commodities Magazine; (d) on the Stock and Commodities Magazine website for one month; and (e) in one edition of The Wall Street Journal; [*Id.*, ¶7] and

(4) the establishment of a settlement website which is searchable on the internet and which allows members of the Settlement Class to obtain information about the proposed Settlement. *Id.*, ¶8.

On July 24, 2015, the Court granted Plaintiffs' request to amend the program of notice so as to remove the requirement to send mail notice to ICE "large traders" during the Class Period

---

[3] "Large trader" refers to a trader who holds or controls a position in any one future or in any one option expiration series of a commodity on any one exchange equaling or exceeding the exchange or Commodity Futures Trading Commission ("CFTC") specified reporting level. The large trader reporting threshold for NYMEX WTI crude oil futures contracts is 350 contracts.

[4] "Clearing firm" refers to a firm approved to clear trades through the exchange clearing house. Every trade on the exchange must be cleared through a clearing firm.

due to the unavailability of such large trader information.[5]  Dkt. No. 293.  Relatedly, the Court further amended the program of notice to require mail notice to the top 250 energy companies in the world (as of 2008) as ranked by Platts.  *Id*.

### III. THE SETTLEMENT ADMINISTRATOR HAS EXECUTED THE COURT-APPROVED PROGRAM OF NOTICE

As detailed below, the Settlement Administrator has confirmed that is has executed the Court-approved program of notice in accordance with the Preliminary Approval Order.

**Mail Notice**.  Mail notice to the approximately 1,083 large traders identified by NYMEX was completed by July 13, 2015.  *Compare* Dkt. No. 290, ¶6.  Mail notice to the forty-four clearing firms identified by the NYMEX was completed by July 13, 2015.  *Id*.  Mail notice to the forty-four clearing firms identified by LCH Clearnet[6] was completed by July 23, 2015.  *Id*.

**Publication Notice**.  Notice of the proposed Settlement has been or will be published (a) in the August and September 2015 editions of Futures Magazine; (b) on the Futures Magazine website from August 10 through September 8, 2015; (c) in the August and September 2015 editions of Stock and Commodities Magazine; (d) on the Stock and Commodities Magazine website from August 12 through September 10, 2015; and (e) in the July 27, 2015 edition of The Wall Street Journal.  *Compare* Dkt. No. 290, ¶7.

**Settlement Website**.  The Settlement website was established by June 18, 2015 and remains available and searchable on the Internet.  *Id*., ¶9.  The Settlement website is available

---

[5] Lead Counsel was informed by counsel for ICE that ICE did not maintain records sufficient to identify large traders during the Class Period.

[6] During the notice process, Plaintiffs learned that during the January – May 15, 2008 Class Period, ICE WTI futures trades were cleared by LCH Clearnet, a European-based clearing house, and not through ICE's clearing house.  Accordingly, Plaintiffs contacted counsel for LCH Clearnet and obtained a list of its relevant clearing firms during the first half of 2008.

Separately, the Settlement Administrator also sent mail notice to the approximately eighty-six current ICE clearing firms identified on the ICE website who were not also listed as a NYMEX clearing firm.  *See* https://www.theice.com/clear-europe/membership.

online at http://crudeoilfuturessettlement.com/

**Mail Notice to Energy Companies.**  Mail notice to the top 250 energy companies in the world (as of 2008) as ranked by Platts was completed by July 30, 2015 in accordance with the Court's July 24, 2015 Order.  *Compare* Dkt. No. 293.

## IV. THE SETTLEMENT ADMINISTRATOR'S AND LEAD COUNSEL'S EFFORTS TO OBTAIN ADDITIONAL CLASS MEMBER INFORMATION FROM CLEARING FIRMS

Consistent with the program of notice, the Class Notice requested that clearing firms, futures commission merchants or any other persons through whom NYMEX and/or ICE WTI futures or option contracts were traded during the Class Period provide the names and last known addresses for any customers who traded NYMEX or ICE WTI futures or options contracts during the Class Period to the Settlement Administrator within two weeks of receiving the notice.  *See* Exhibit A hereto (Class Notice), at p. 1.  The Class Notice further stated that the Settlement Administrator would then cause copies of the notice to be forwarded to each customer so identified.  *Id*.

In addition to being sent a copy of the Class Notice, each NYMEX and ICE clearing firm has been sent at least two letters from the Settlement Administrator further requesting that such firms either (a) provide a list of their relevant customers names and last known addresses to the Settlement Administrator or (b) confirm that they have otherwise provided their relevant customers with copies of the Class Notice.

To date, the Settlement Administrator has reported to Lead Counsel that approximately five clearing firms have either provided addresses of potential members of the Settlement Class to the Settlement Administrator or have confirmed that they have forwarded notice of the Settlement

to their relevant customers themselves.[7] This has resulted in the Settlement Administrator mailing approximately 672 additional notices to potential members of the Settlement Class. The Settlement Administrator is continuing its efforts to follow up with the remaining clearing firms in order to identify any further potential members of the Futures Class to whom notice of the proposed Settlement may be mailed. Lead Counsel will report back to the Court on further progress in this regard.

Relatedly, on August 31, 2015, Lead Counsel received from counsel for the Trustee for the estate of MF Global, Inc. ("MF Global") a list of former MF Global customers who traded WTI futures during the Class Period. This list included approximately seventy-one potential class members, thirty-one of which had previously been sent notice of the Settlement. The Settlement Administrator mailed notice to these additional forty potential Settlement Class members on September 1, 2015.

In addition to the Court-mandated notice plan, the Settlement Administrator also sent notice of the Settlement to the approximately ninety-three futures commission merchants or other firms who filed large trader reports on behalf of the approximately 1,083 large traders identified by the NYMEX. Similar to the clearing firms, the Settlement Administrator further mailed letters to each of these approximately ninety-three firms and requested that they provide addresses of potential members of the Settlement Class to the Settlement Administrator or otherwise provide notice of the Settlement to their customers.

---

[7] The NYMEX provided the names of approximately forty-four clearing firms that operated during the Class Period. LCH provided the names of approximately forty-four clearing firms that operated during the Class Period. Thus, there are a total of eighty-eight potentially relevant clearing firms. However, the combined list of eighty-eight includes thirteen exact matches, which reduces the total list to seventy-five. Furthermore, due to bankruptcies, industry consolidation and the relatedness of certain clearing firm entities identified, Lead Counsel estimates that, as a practical matter, there are approximately fifty relevant entities.

Dated:    New York, New York
          September 2, 2015

                        Respectfully submitted,

                        */s/ Christopher Lovell*
                        Christopher Lovell
                        Christopher M. McGrath
                        **LOVELL STEWART HALEBIAN JACOBSON LLP**
                        61 Broadway, Suite 501
                        New York, New York 10006
                        Telephone:   (212) 608-1900
                        Facsimile:    (212) 719-4775

                        */s/ Warren T. Burns*
                        **BURNS CHAREST LLP**
                        500 North Akard, Suite 2810
                        Dallas, Texas 75201
                        Telephone:   (469) 904-4550

                        ***Lead Counsel for the Settlement Class***