# LOVELL STEWART HALEBIAN JACOBSON LLP

61 Broadway, Suite 501
New York, New York 10006
www.lshllp.com

Telephone
212.608.1900

Facsimile
212.719.4775

October 15, 2015

**BY ECF and HAND DELIVERY**
The Honorable Katherine B. Forrest
United States District Court
 for the Southern District of New York
500 Pearl Street, Room 1950
New York, New York 10007-1312

Re:     *In Re: Crude Oil Commodity Futures Litigation*, No. 11 Civ. 3600 (KBF) (S.D.N.Y.)

Dear Judge Forrest:

        As attorneys for Plaintiffs, we are respectfully submitting this letter pursuant to Your Honor's Order dated October 8, 2015 directing counsel to notify the Court of a proposed new date for the Fairness Hearing to be held in connection with Plaintiffs' proposed Settlement with the Defendants. *See* Dkt. No. 330.

        Plaintiffs are submitting herewith a [Proposed] Revised Scheduling Order, which would reschedule the Fairness Hearing to a date convenient for the Court and approximately nine (9) weeks after entry of such [Proposed] Order.  Plaintiffs respectfully submit that the requested adjournment will allow the Settlement Administrator sufficient time to print and mail the large number of additional notices and will also allow the additional potential Class members to whom the notice is directed sufficient time to consider and, if they chose, respond to the notice.  The Defendants do not oppose this request.

## I.     THE ADDITIONAL POTENTIAL CLASS MEMBERS TO BE PROVIDED WITH NOTICE OF THE PROPOSED SETTLEMENT

        One aspect of the multi-pronged program of notice approved by the Court provided for mail notice to all New York Mercantile Exchange ("NYMEX") and/or IntercontinentalExchange ("ICE") "clearing firms[1]" who cleared any trades in WTI crude oil futures contracts and/or options contracts during the Class Period.  Dkt. No. 290, ¶6.[2]  Notice of the Settlement was

---

[1] "Clearing firm" refers to a firm approved to clear trades through the exchange clearing house. Every trade on the exchange must be cleared through a clearing firm.

[2] The additional prongs of the Court-approved program of notice include the following:  (1) mail notice to all "large traders" in NYMEX and/or ICE WTI crude oil futures contracts and/or options contracts during the Class Period whose names have been obtained by Plaintiffs pursuant to subpoenas to the NYMEX and ICE [Dkt. No. 290, ¶6]; (2) publication notice: (a) for two consecutive months in Futures Magazine; (b) on the Futures Magazine website for one month; (c) for two consecutive months in Stock and Commodities Magazine; (d) on the Stock and Commodities Magazine website for one month; and (e) in one edition of The Wall Street Journal; [*Id*., ¶7]; and (3) the establishment of a settlement website which is searchable on the

Page 2 of 3
Honorable Katherine B. Forrest; October 15, 2015

mailed to these clearing firms by July 23, 2015.  Dkt. No. 322, ¶8.  The notice directed such clearing firms to provide the names and last known addresses for their customers who traded NYMEX and/or ICE WTI futures or option contracts during the Class Period to the Settlement Administrator within two weeks of receiving the notice.  The Settlement Administrator would then cause copies of the notice to be forwarded to each customer identified.  As of September 30, 2015, the Settlement Administrator had received approximately 956 names and addresses of potential Class members from clearing firms, futures commission merchants, brokers and other firms.  Dkt. No. 322, ¶13.  Notices were promptly mailed to these potential Class members.  *Id.*

On or about October 2, 2015, the Settlement Administrator notified Plaintiffs that it had received production from a clearing firm of a large electronic file containing names and addresses of potential class members.  The file reportedly contained approximately 40,000 entries.  The Settlement Administrator thereafter worked with counsel for the clearing firm in order to confirm that the data was accurate (*i.e.*, that the data covered the correct products during the correct time period).

After working with the data in order to remove duplicate entries (including entries with identical addresses), the Settlement Administrator determined that there are approximately 9,517 distinct records.  The Settlement Administrator then further removed from the list approximately 340 potential Class members to whom the Settlement Administrator had previously mailed a notice.  This results in a list of 9,177 persons to whom the Settlement Administrator has not previously sent a notice ("Affected Class Members").

Because of the multi-pronged program of notice, certain of the Affected Class Members may have previously received notice of the proposed Settlement through one or more of the other prongs of the plan of notice undertaken pursuant to the orders of the Court.  *See* fn. 2 above.  Lead Counsel and the Settlement Administrator have not attempted to conduct an inquiry to find out from all the different clearing members, futures commission merchants and other persons who were sent mailed notices the "universe" of persons to whom a notice was subsequently forwarded.  Nor is it possible to know who read the publications or who viewed the Settlement website while searching the internet.  Accordingly, Lead Counsel respectfully submits that the Settlement Administrator should be directed to mail notice of the Settlement to each of the Affected Class Members.

## II.    THE [PROPOSED] REVISED SCHEDULING ORDER

---

internet and which allows members of the Class to obtain information about the proposed Settlement.  *Id.*, ¶8.

On July 24, 2015, the Court granted Plaintiffs' request to amend the program of notice so as to remove the requirement to send mail notice to ICE "large traders" due to the unavailability of such large trader information.  Dkt. No. 293.  Relatedly, the Court further amended the program of notice to require mail notice to the top 250 energy companies in the world (as of 2008) as ranked by Platts.  *Id.*

As detailed in the Declaration of Eric J. Miller filed on October 2, 2015, the Settlement Administrator has fully implemented the Court-approved program of notice.  Dkt. No. 322.

Page 3 of 3
Honorable Katherine B. Forrest; October 15, 2015

Pursuant to the Court's Order dated October 8, 2015, Lead Counsel respectfully requests that the Court enter the enclosed [Proposed] Revised Scheduling Order, which provides as follows:

- The Settlement Administrator shall complete mail notice of the Settlement to the Affected Class Members[3] no later than ten (10) days after the date of entry of the Revised Scheduling Order.

- The Fairness Hearing shall be held on a date convenient for the Court and approximately nine (9) weeks after entry of the Revised Scheduling Order.

- Affected Class Members who did not receive actual notice of the Settlement prior to the date of entry of the Revised Scheduling Order shall seek to request exclusion from the Settlement, object to the Settlement or seek any alternative relief no later than ten (10) days before the Fairness Hearing.

- Affected Class Members who did not receive actual notice of the Settlement prior to the date of entry of the Revised Scheduling Order shall have until seventy-five (75) days after the Fairness Hearing in order to submit proof of claim forms to the Settlement Administrator.

- As soon as practicable after entry of the Revised Scheduling Order, the Settlement Administrator shall post the Revised Scheduling Order on the official Settlement website.  In connection with the mailing of the Class Notice to the Affected Class Members, the Settlement Administrator shall also provide notice of the revised deadlines set forth in the Revised Scheduling Order.

*****

As always, the parties are available to appear before the Court and answer any questions or concerns the Court may have.

Thank you very much.

Respectfully submitted,

/s/ Christopher McGrath                                    /s/ Warren Burns
Christopher McGrath                                         Warren Burns
Enclosures

cc:      Counsel of Record (by ECF)

---

[3] The identities of the Affected Class Members are listed in Exhibit A to the enclosed [Proposed] Revised Scheduling Order.  Due to the commercially sensitive and personal nature of the customer information listed on Exhibit A, Plaintiffs respectfully request leave, pursuant to Section 7.A of Your Honor's Individual Practices, to file Exhibit A to the enclosed [Proposed] Revised Scheduling Order under seal in its entirety.  Plaintiffs are providing Chambers with a copy of Exhibit A on a flash drive.