UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*In Re: Crude Oil Commodity Futures Litigation*

MASTER FILE

No. 11-cv-3600 (KBF)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE: JAN 21 2016

# FINAL ORDER AND JUDGMENT

WHEREAS, the Parties[1] to the above captioned consolidated class action have executed a Stipulation and Agreement of Settlement dated June 3, 2015 (the "Settlement Agreement");

WHEREAS, the Court previously entered a Scheduling Order that, among other things, preliminarily approved the Settlement and scheduled a fairness hearing on October 9, 2015 (the "Fairness Hearing");

WHEREAS, due and adequate notice of the Settlement has been provided to the members of the Settlement Class pursuant to the Scheduling Order;

WHEREAS, the Parties have made a motion seeking entry of this Final Order and Judgment, which, among other things, finally approves the Settlement;

WHEREAS, the Court has held the Fairness Hearing and has considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. The Court hereby finally certifies the Settlement Class, as defined in the Court's Scheduling Order dated June 8, 2015, for purposes only of the Settlement. Based on the record,

---

[1] Except for the terms defined herein, the Court adopts and incorporates the definitions in

the Court reconfirms that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied.

2. This Final Order and Judgment hereby incorporates by reference the definitions in the Settlement Agreement and all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

3. This Court has personal jurisdiction over the Parties and all Settlement Class Members and subject matter jurisdiction over the Action to approve the Settlement Agreement and all Exhibits thereto.

4. The Court finds that due process and adequate notice have been provided pursuant to Rule 23 of the Federal Rules of Civil Procedure to all members of the Settlement Class, notifying the Settlement Class of, among other things, the pendency of the Action and the Settlement.

5. The notice provided was the best notice practicable under the circumstances and included individual notice to those members of the Settlement Class who were able to be identified through reasonable efforts. The Court finds that notice was also given by publication in three publications and through a website, as set forth in the Declaration of Warren Burns dated June 3, 2015, and previously submitted. Such notice fully complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process of law, and other applicable law. Based upon the Defendants' submission to the Court, the Court further finds that the Defendants have complied with the obligations imposed on them under the Class Action Fairness Act of 2005, Pub. L. 109-2, Feb. 18, 2005, 119 Stat. 4.

---

the Settlement Agreement for the purposes of this Scheduling Order.

6. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all Settlement Class members of their right to object to the Settlement, the Plan of Allocation and Lead Counsel's application for attorneys' fees and reimbursement of expenses associated. A full and fair opportunity was accorded to all members of the Settlement Class to be heard with respect to the foregoing matters.

7. The Court finds that the members of the Settlement Class identified on the schedule attached hereto as Exhibit A, and no others, have validly requested to be excluded from the Settlement Class. Accordingly the persons listed on Exhibit A are not included in the Settlement Class nor bound by this Final Order and Judgment, except as set forth in Section 10 below.

8. It is hereby determined that all members of the Settlement Class whose names are not on Exhibit A hereto are bound by this Final Order and Judgment, and all of their claims, as provided under the Settlement Agreement, are hereby dismissed with prejudice and released.

9. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement, as set forth in the Settlement Agreement, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including the Plaintiffs. This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects. The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

10. Notwithstanding the provisions of any other paragraph of this Final Order and Judgment, if the Settlement Agreement is validly terminated by Defendants, then, by automatic operation of this paragraph, this Final Order and Judgment shall be null and void except for the provisions in this paragraph; the Plaintiffs' claims shall be reinstated; Defendants' defenses shall be reinstated; and the Parties shall be returned to their respective positions before the Settlement Agreement was signed. Any termination of the Settlement Agreement shall be dependent upon the realization of the condition subsequent that Plaintiffs' claims shall not be dismissed or if they have been dismissed that the Plaintiffs' claims are reinstated such that the Parties are returned to their respective positions before the Settlement Agreement was signed. If the Plaintiffs' claims are dismissed and not reinstated, then Defendants' termination of the Settlement Agreement shall be null and void.

11. The Settlement Fund has been established as a trust and as a Settlement Fiduciary Account. The Court further approves the establishment of the Settlement Fiduciary Account under the Settlement Agreement as a qualified settlement fund pursuant to Internal Revenue Code Section 4688 and the Treasury Regulations promulgated thereunder.

12. The Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and the enforcement of this Final Order and Judgment. The Court also retains exclusive jurisdiction to resolve any disputes that may arise with respect to the Settlement Agreement, the Settlement, or the Settlement Fund, to consider or approve administration costs and fees, and to consider or approve the amounts of distributions to members of the Settlement Class. In addition, without affecting the finality of this judgment, the Parties and the Settlement Class hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District

of New York for any suit, action, proceeding or dispute arising out of or relating to this Final Order and Judgment or the Settlement Agreement.

13. Each Settlement Class Member must execute a release and covenant not to sue in conformity with Section 8 of the Settlement Agreement, as incorporated into the Proof of Claim form, in order to receive the Settlement Class Member's share, if any, of the Net Settlement Fund. The Court hereby confirms the appointment of A.B. Data, Ltd. as Settlement Administrator, and directs that the Settlement Administrator shall ensure that each Proof of Claim form provided to Settlement Class Members contains a copy of such release and covenant not to sue. However, each Settlement Class Member's claims shall be released pursuant to Section 8 of the Settlement Agreement, regardless of whether the Settlement Class Member executes a release and covenant not to sue pursuant to this paragraph 13.

14. The Court hereby approves the Releasing Parties' releases of claims against the Released Parties as set forth in Section 8 of the Settlement Agreement,

15. The Settlement Agreement, including but not limited to its exhibits, and any and all negotiations, documents and discussions associated with it, is not and shall not be deemed or construed to be an admission, adjudication or evidence of any violation of any statute or law or of any liability or wrongdoing by the Defendants or any Released Party, or of the truth of any of the claims or allegations alleged in the Action or the incurrence of any damage, loss or injury by any Person. In the event that the Settlement does not become final or is terminated in accordance with the terms of the Settlement, then the Settlement Agreement, including its exhibits, and any and all negotiations, documents and discussions associated with it and the releases set forth therein, shall be without prejudice to the rights of any Party and shall be of no force or effect and shall not be offered or received in evidence in any proceeding. Further, the Settlement

Agreement is not and shall not be deemed or construed to be an admission, adjudication or evidence of any lack of merit of any of the claims asserted in the Action. The Settlement Agreement, including its exhibits, and any and all negotiations, documents and discussions associated with it, (a) shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendants or any Released Party, or of the truth of any of the claims or allegations, or the incurrence of any damage, loss or injury by any Person, or of any lack of merit of any of the claims asserted in the Action, and (b) shall not be discoverable or used directly or indirectly, in any way, whether in the Action or in any other action or proceeding of any nature, whether by the Settlement Class or Opt Outs (or any plaintiff alleging the same or similar facts and claims or any action brought by a regulator), except if warranted by existing law in connection with a dispute under this Settlement Agreement or an action in which this Settlement Agreement is asserted as a defense.

16. The Court finds that, during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

17. Any data or other information provided by Settlement Class members in connection with the submission of claims will be held in strict confidence, available only to the Settlement Administrator, Lead Counsel, or experts or consultants acting on behalf of the Settlement Class. In no event will a Settlement Class member's data or information be made publicly available, except as provided for herein or upon Court Order for good cause shown.

18. The proposed Plan of Allocation is approved as fair, reasonable and adequate.

19. The Action and all claims in the Action as to the Defendants are hereby dismissed with prejudice and without costs.

20. The Court declares that the Settlement Agreement and the Final Order and Judgment shall be binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings encompassed by the Released Claims that are maintained by or on behalf of the Plaintiffs or any other Settlement Class Members who are not identified on the schedule attached hereto as Exhibit A, and shall also be binding on their respective past, present or future parents, subsidiaries, divisions, affiliates, shareholders, general or limited partners, attorneys, spouses, insurers, beneficiaries, employees, officers, directors, agents, independent contractors, legal and equitable owners, members, predecessors in interest, successors in interest, legal representatives, trustees, associates, heirs, executors, administrators and/or assigns heirs, and anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether the Settlement Class Member previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, and even if such Settlement Class Member never received actual notice of the Action or this proposed Settlement.

21. The Court permanently bars and enjoins the Plaintiffs, and all other Settlement Class Members who are not identified on the Schedule attached hereto as Exhibit A from (a) filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the Released Claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any Settlement Class Members (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on the Released Claims; or (c) organizing Settlement Class Members into a separate group, class, or subclass for purposes of

pursuing as a purported class action any lawsuit or administrative, regulatory, arbitration, or other proceeding (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in an pending action) based on the Released Claims.

22. The proposed Plan of Allocation, the Proof of Claim form, the Request for Exclusion form, and the Supplemental Agreement are each approved as fair, reasonable and adequate.

$3,844,994.96

23. The Court has reviewed Lead Counsel's petition for an award of attorneys' fees and reimbursement of expenses. The Court determines that an attorneys' fee of ~~% of the Settlement Fund~~ is fair, reasonable, and adequate and that Lead Counsel should be paid $ 4,648,000.00 as reimbursement for their expenses.

24. The Court, finding no just reason for delay, directs pursuant to Rule 54(b) of the Federal Rules of Civil Procedures that the judgment of dismissal as to the Defendants shall be final and entered forthwith.

25. If any deadline imposed herein falls on a non-business day, then the deadline is extended until the next business day.

**IT IS SO ORDERED.**

Signed this 21st day of January, 2016, at the Courthouse for the United States District Court for the Southern District of New York.

*KB. Fo*

The Honorable Katherine B. Forrest
United States District Court Judge

## EXHIBIT A

1. Emmanuel Fruchard
2. Dimitrios Kourbouzos

i

EXHIBIT A